UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOSHE FRIEDMAN,

                            Plaintiff,

                    v.

COLUMBIA UNIVERSITY *et al.*,

                            Defendant.

12 Civ. 9275

**OPINION**

Moshe Friedman, proceeding *pro se*, alleges that Columbia University and several supervisors wrongfully terminated him from his position as an office administrator.  He claims that the defendants terminated him because of his religion, national origin, age, and gender in violation of federal, state, and local law.

Defendants move to dismiss the case.  The motion is granted.

## The Complaint

Friedman was employed as an office administrator at Columbia University Medical Center's Radiation Safety Office.  On January 7, 2010, defendant Lisa Hogarty, Chief Operating Officer of Columbia University Medical Center, informed Friedman that he would be terminated on February 1, 2010, as part of a reorganization of the Radiation Safety Office.  Hogarty told Friedman that the Radiation Safety Office would become part of the Office of

Environmental Health and Safety and that his position would be eliminated. Salmen Loksen, a radiation safety officer, and Bruce Emmer, a physicist, were also terminated as a result of the restructuring.

Friedman alleges that the reorganization was merely a pretext; he alleges that he, Loksen, and Emmer were terminated because they are practicing Orthodox Jews and because of their age. He contends that they were easily identifiable as Orthodox Jews because of their yarmulkas and gray beards. No other employees were terminated as a result of the reorganization, including four "casual employees." Friedman asserts that the reorganization was unnecessary and will have a negative impact on the Medical Center.

At this point, defendants assert that Friedman signed a severance agreement and released all his claims against them. The court mentions this allegation for context, but the release is not properly before this court at this stage in the proceedings.

Friedman also alleges a claim of retaliation. On the form complaint that Friedman filed, he checked the box next to retaliation, but he alleges no facts to support or explain the basis of this claim. Construing the complaint liberally and considering the documents attached to the complaint, it appears that Friedman alleges that the defendants retaliated against him by refusing to return his personal property after he filed employment-discrimination complaints against them. Friedman alleges that Columbia promised to return

his personal computer files which were left on Columbia's computers after he was terminated.

In addition to Columbia University, Friedman also names David J. Brenner, Lisa Hogarty, and Lucinda During as defendants.  He alleges that defendants' actions violated Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, and the New York City Human Rights Law.

### Procedural History

On January 5, 2011, Friedman filed a complaint with the New York City Commission on Human Rights, alleging discrimination on the basis of race, age, sex, and religion based on his termination.  The Commission rejected Friedman's complaint for failure to state a claim because Friedman had knowingly and voluntarily executed a release of claims in exchange for a severance payment.  Moreover, Friedman was represented by counsel when he executed the release.  Friedman twice objected to this determination, but in response the Commission twice determined that Friedman had "knowingly and voluntarily entered into a valid severance agreement, thereby waiving the right to sue [his] former employer for the termination of [his] employment."

On January 11, 2011, Friedman filed a complaint with the New York State Division on Human Rights, alleging that his termination was the result of Columbia's unlawful discrimination on the basis of his age, creed, and gender. But in a decision dated February 17, 2011, the Division dismissed this

complaint as untimely, and the New York State Supreme Court, New York County, affirmed that decision.

On July 29, 2011, Friedman filed a second complaint with the Division on Human Rights, alleging that Columbia retaliated against him for filing the prior complaints.  He alleged that Columbia failed to abide by the terms of his severance agreement by not returning his personal property.  On December 1, 2011, following an investigation, the Division found that there was no probable cause to show that Columbia had failed to make a good faith effort to return Friedman's personal computer files.  The Supreme Court, New York County, affirmed the Division's determination.

On September 13, 2012, Friedman filed a charge with the U.S. Equal Employment Opportunity Commission, alleging that Columbia's actions violated Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.  On September 20, 2012, the Commission closed its file because Friedman's charge was not timely filed.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint.  Id. The court may, however, consider relevant filings with the Equal Employment

Opportunity Commission and analogous state agencies because the plaintiff must rely on these filings to establish that his federal lawsuit is timely. Holowecki v. Fed. Exp. Corp., 440 F.3d 558, 565–66 (2d Cir. 2006), aff'd, 552 U.S. 389 (2008).

A *pro se* plaintiff "is entitled to a particularly liberal reading" of his complaint. Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011). But even a *pro se* plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Johnson v. City of New York, 669 F. Supp. 2d 444, 448–49 (S.D.N.Y. 2009).

Friedman's State and Local Law Claims

Defendants contend that Friedman is barred from pursuing his state and local law claims in court because he previously sought a remedy before a state agency. Under New York law, once a plaintiff brings an employment-discrimination claim in an administrative agency, he may not bring a suit arising out of the same transaction again as a plenary action in court. York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002). A plaintiff must elect whether to seek a remedy under state and local law in the administrative agency or in court; he cannot proceed in both forums. Tardd v. Brookhaven Nat. Lab., 407 F. Supp. 2d 404, 419 (E.D.N.Y. 2006). Thus, both the New York State Human Rights Law and the New York City Human Rights Law require dismissal of a suit in court—whether state or federal—if the plaintiff lodges a complaint with either the New York State Division on Human

Rights or the New York City Commission on Human Rights based on the same allegedly discriminatory actions.  Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 187 (S.D.N.Y. 2011).

Here, Friedman attempts to bring an employment-discrimination claim under state and local law that he has already pursued in both the state and city administrative agencies.  Once he received an unfavorable decision from the agencies, Friedman's remedy was to appeal that decision within the state court system; he was not entitled relitigate his claims in the United States District Court, in contravention of the statutory schemes detailed above. Accordingly, Friedman's claims under state and local law are dismissed.

Friedman's Federal Law Claims

Friedman brings federal claims under Title VII and the Age Discrimination in Employment Act ("ADEA").  Both statutes require a plaintiff to file a charge with the Equal Employment Opportunity Commission ("EEOC") before bringing suit in federal court.  See Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001) (*per curiam*).  The EEOC charge must be filed no more than 300 days "after the alleged unlawful practice occurred."  42 U. S. C. § 2000e-5(e)(1); 29 U. S. C. §§ 626(d)(1)(B), 633(b); see also Hill v. Citibank Corp., 312 F. Supp. 2d 464, 472 (S.D.N.Y. 2004).  The filing deadline for a charge of discrimination acts as a statute of limitations, and a failure to timely file a charge acts as a bar to a plaintiff's action.  See Hill, 312 F. Supp. 2d at 472.  The timeliness of a discrimination claim is measured

6

from the date the claimant had notice of the allegedly discriminatory action. <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708, 713 (2d Cir. 1996).

Here, Friedman is barred from pursuing his Title VII and AEDA claims in federal court because he did not file a timely EEOC charge.  Friedman was notified of his termination on January 7, 2010, and the termination was effective February 1, 2010.  But Friedman did not file his EEOC charge until September 13, 2012, well beyond the 300-day limit.  Moreover, Friedman never filed an EEOC charge alleging retaliation.

Friedman contends that even if his charge was untimely, he can piggyback on his coworker's charge: Loksen filed a timely EEOC charge.  In other words, Friedman contends that his charge should be deemed filed at the same time as Loksen's.  But an individual who has previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge.  <u>Holowecki</u>, 440 F.3d at 564.  A plaintiff cannot use the piggyback rule to avoid the consequences of his own untimely EEOC charge.  <u>Id</u>.

Friedman's claims under federal law are dismissed.

## Conclusion

The motion to dismiss is granted, and the case is dismissed in its entirety.  This opinion resolves the motion listed as document number 24 in case 12 Civ. 9275.

So ordered.

Dated:  New York, New York
        March 13, 2014

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/14

8

Mailed from Chambers to:

Moshe Friedman
P.O. Box 302
South Fallsburg, NY 12779